UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12077-RGS

ANTHONY DeJUAN MEYERS

v.

M. SEGAL, ET AL.

MEMORANDUM AND ORDER

December 18, 2018

STEARNS, D.J.

## INTRODUCTION

For the reasons set forth below, the court dismisses this action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3).

## BACKGROUND

Plaintiff Anthony DeJuan Meyers ("Meyers"), now in custody at FMC Devens, initiated this action by filing a handwritten complaint asking the court to legally change his name. *See* Complaint ("Compl."), Dkt No. 1. Meyers explains that because he is Hispanic, he prefers a name that is not Caucasian or European. Meyers alleges that his rights are violated when he is addressed outside his nationality. Meyers filed an inmate grievance form and was advised to seek a name change "through the courts." Meyers wishes to change his "last name to [his] grandmother's [name of] Medrosa or to [his]

father's [name of] Rodriguez." He contends that he is entitled to a name change at government expense and names as defendants several correctional officials and employees. Meyers moved to proceed *in forma pauperis*. See Dkt Nos. 2, 5.

## STANDARD OF REVIEW

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction *sua sponte*.").

## DISCUSSION

After reviewing the complaint, it is clear that the court has no subject matter jurisdiction. First, there is no allegation that the parties are diverse for purposes of diversity jurisdiction under 28 U.S.C. §1332. Even if the allegations of the complaint are accepted as true, no federal question is raised pursuant to 28 U.S.C. §1331. Although federal rights may be implicated when prison officials refuse to honor a prisoner's name change, *see e.g. Ali v. Dixon*, 912 F.2d 86, 90 (4th Cir. 1990) (First Amendment protects an inmate's right to legal recognition of an adopted religious name), this federal court does not have the power to legally change plaintiff's name.

In Massachusetts, petitions for change of name may be heard by the probate court in the county where petitioner resides. Mass. Gen. Laws ch. 210, § 12. Such petitions "shall be granted unless such change is inconsistent with public interests." *Id.* For purposes of the Massachusetts venue statute, a prisoner "lives" both in the county where the inmate is incarcerated at the time the suit is brought, and, if different, in the county where he maintains his domicile. *Bates v. Gentile*, 2002 WL 31867815, at *1 (Mass. App. Ct. 2002).

To the extent Meyers seeks injunctive relief, such relief is a remedy and not a cause of action. The Declaratory Judgment Act, 28 U.S.C. §2201, does not independently confer jurisdiction on federal courts, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950), and some independent source of jurisdiction is required. *See id.* at 672; *see also Colonial Penn Grp., Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 232 (1st Cir. 1987).

Finally, prior notice to the plaintiff is ordinarily required to permit the plaintiff to correct his error, but no notice is necessary "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *González-González v. United States*, 257 F.3d 31, 37 (1st Cir. 2001). Such is the case here.

## ORDER

ACCORDINGLY, for the reasons stated above, it is hereby ORDERED that:

(1) This action is dismissed pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction;

(2) In view of the dismissal of this action for lack of subject jurisdiction, no action will be taken on plaintiff's motions to proceed *in forma pauperis*; and

(3) The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE